**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Robena G. REID**

7905 Timarand Court
Lorton, VA 22079

Plaintiff,

v.

**SEAN DUFFY**
Secretary of Transportation
1200 New Jersey Ave, SE
Washington, DC 20590

Defendant.

Case: 1:26-cv-02171
Assigned To : Kelly, Timothy J.
Assign. Date : 6/18/2026
Description: Employ. Discrim. (H-DECK)

**COMPLAINT**

**COMES NOW** Plaintiff the Robena G. Reid, *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 29 USC § 623 *et seq.* and 42 USC § 2000e *et seq* . to recover from the United States Department of Transportation ("DoT" or the "Agency") through its Federal Transit Administration, an agency of the Department of Transportation ("FTA") for its repeated instances and pattern of discrimination against the Plaintiff all damages, penalties, and other remedies available to her. Whereby the Plaintiff hereby avers as follows:

**Jurisdiction and Venue**

1. This is an action to recover damages and penalties on behalf of the Plaintiff arising from the discriminatory conduct of the Defendant in violation of Title VII of the

RECEIVED
Mailroom
JUN 18 2026
Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

Civil Rights Act of 1964 ("Title VII"), 29 USC § 623 *et seq*. and 42 USC § 2000e *et seq* This court has jurisdiction pursuant to Title VII because the Plaintiff has exhausted her administrative remedies which were the subject of a final decision by the United States Equal Employment Opportunity Commission ("EEOC"), dated March 23, 2026. 29 USC § 626 and 42 USC § 2000e-5.

2. Venue in this Court is proper pursuant to 42 U.S.C. § 2000e-5(f)(3) in that the Plaintiff worked for the Defendant in this District and the acts of discrimination occurred at that workplace.

## PARTIES

3. Plaintiff is Robena Reid a former employee of the Defendant who was discriminated by her employer in this District.

4. Defendant is the Federal Transit Administration of the United States Department of Transportation that employed the Plaintiff.

## PROCEDURAL HISTORY

5. On June 22, 2021, Plaintiff filed an EEO complaint alleging that the Agency discriminated against her on the bases of sex (female), disability (mental and physical), age (YOB: 1959), and in reprisal for prior protected EEO activity.

6. After an investigation, the Agency provided Plaintiff with a copy of the report of investigation and notice of her right to request a hearing before an Equal Employment Opportunity Commission Administrative Judge (AJ). Plaintiff timely requested a hearing.

7. Over Plaintiff's objections, the AJ assigned to the case granted the Agency's February 2, 2023, motion for a decision without a hearing and issued a decision without a hearing on June 28, 2024.

8. Ms. Reid timely appealed the AJ's decision.

9. The EEOC issued its final decision on the Plaintiff's claims on March 23, 2026.

## Factual Background

10. On January 27, 2021, Plaintiff was issued an unpaid 14-day suspension effective January 31, 2021, to February 13, 2021.

11. On March 23, 2021, a management official (hereafter Supervisor) attempted to prevent Plaintiff from using leave to attend a vaccination appointment. On other occasions, including in April 2021, the Agency demanded Verification of Treatment (VOT) letters for one-day absences. Plaintiff's reasonable accommodation dating back to 2005 allowed her to use her existing accrued sick leave as necessary.

12. In March 2021, Plaintiff learned that her FEHB benefits had been deleted and premiums were not being sent to the provider beginning in June of 2020, due to Agency error.

13. On May 4, 2021 and May 14, 2021, the Agency threatened Plaintiff with AWOL despite approving her leave request to attend an out-of-state medical appointment on April 15, 2021. COVID 19 travel advisories for the applicable State and applicable time period specified that out of state visitors should respect a quarantine period, which the Plaintiff met by arranging her arrival time several days in advance of the scheduled medical appointment.

14. On or about April 22, 2021, and other occasions from April 29, 2020 and onward Plaintiff had issues with USDOT computer equipment, and her Supervisor forbade her from visiting the USDOT building to return the defective equipment.

15. On or about May 4, 2021, the IT Help Desk sent Plaintiff a replacement laptop by Federal Express, which Plaintiff received on or about May 5, 2021, but it was also defective. Plaintiff requested a third laptop from the IT Support Team.

16. On multiple occasions, Plaintiff was asked to use her personal computer equipment to connect to the USDOT network. When Plaintiff notified her manager and LMR Specialist that she was unwilling to risk her personal equipment on the USDOT network, LMR Specialist prodded Plaintiff to use her personal equipment and internet connection service to obtain records needed to reply to the removal proposal. Plaintiff had notified the USDOT management that files sent to her from the Agency contained malicious software, which was identified by her personal antivirus software and by notifications from private email services that the attached files needed to be sanitized.

17. The Agency prohibited her from attending a Cost Benefit class that she was scheduled to attend on May 17 - 19, 2021 after placing her on Administrative Leave on May 7, 2021.

18. On September 16, 2021, two USDOT OIG personnel made an unscheduled visit to Plaintiff's home and left a voice mail message on her cell phone stating they were outside Plaintiff's door. The USDOT agents had not contacted the Plaintiff in advance of their unscheduled visit, and the Plaintiff was not at home.

**Count I**
**(Violations of ADEA 29 USC § 623 *et seq.*)**

19. Plaintiff incorporates by reference paragraphs 1 through 18 above.

20. Based on her age the Plaintiff was subjected to repeated adverse employment actions including termination of her employment and refusal to accommodate her identified medical disabilities.

21. Additionally, because of her insistence in upholding her rights under the federal employment laws and the rights of her co-workers the Plaintiff was subjected to harassment and discipline by her superiors.

22. Because of these adverse employment actions, the Plaintiff has suffered the loss of income and other damages in the amount of $2,649,816.

23. Because of the intentional and egregious actions of the Agency, the Plaintiff is entitled to punitive damages in the amount of $300,000.

**Count II**
**(Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*)**

24. Plaintiff incorporates by reference paragraphs 1 through 23 above.

25. Based on the Plaintiff's activities as a Union official and on behalf of her co workers supporting their legitimate equal employment rights the Plaintiff was subjected to repeated adverse employment actions including termination of her employment and refusal to accommodate her identified medical disabilities.

26. Because of these adverse employment actions, the Plaintiff has suffered the loss of income and other damages in the amount of 2,649,816.

27. Because of the intentional and egregious actions of the Agency, the Plaintiff is entitled to punitive damages in the amount of $300,000.

**WHEREFORE** Plaintiff respectfully requests judgment in the amounts requested.

Respectfully submitted,

Date: June 17, 2026

By: /s/Robena G. Reid

Robena G. Reid, *Pro Se*
7905 Timarand Court
Lorton, VA 22079